UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| **STATER ACRES RV STORAGE** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. _____ |
| | § | |
| **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON,** | § | |
| | § | |
| Defendant. | § | **JURY DEMANDED** |

## ORIGINAL COMPLAINT

TO THE HONORABLE MARY LOU ROBINSON, UNITED STATES DISTRICT JUDGE:

Plaintiff, Stater Acres RV Storage ("Stater Acres"), files this Complaint complaining of Certain Underwriters at Lloyd's, London ("Lloyd's"), and would show:

## PARTIES

1. **Parties.** The parties are as follows:

    a. Plaintiff, Stater Acres RV Storage, is Texas entity, with its principal place of business in Randall County, Texas.

    b. Defendant, Certain Underwriters at Lloyd's, London is a New York Corporation licensed to write Surplus Lines property and casualty insurance in the State of Texas by the Texas Department of Insurance. It may be served with citation by delivery to its registered agent as follows: Edward T. Smith, Mendes & Mount, LLP, 750 Seventh Avenue, New York, NY 10019-6829.

**JURISDICTION AND VENUE**

2.  **Jurisdiction.** This is a civil action over which this Court has jurisdiction under 27 U.S.C. § 1332 as Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.

3.  **Venue.** Pursuant to 27 U.S.C. § 1391(b)(2) venue is proper in the Northern District of Texas, Amarillo Division, as a substantial part of the events or omissions giving rise to the claim occurred in, the payment under the contract of insurance which is the basis of this lawsuit is performable in and a substantial part of property that is the subject of the action is situated in Randall County, Texas.

**FACTUAL BACKGROUND**

4.  Stater Acres contracted with Lloyd's to insure the buildings owned by Stater Acres at 14301 I-27 Amarillo, TX 79119, in Randall County, against direct physical damage or loss. The insurance policy ("policy") was identified as Policy Number 490P70760. The policy was in effect from July 31, 2013 to July 31, 2014. The catastrophic events which provide the basis of the underlying insurance claim occurred within the policy period. At all times relevant, Stater Acres paid the premiums, as required under the contract of insurance, performed all obligations under the contract and performed all conditions precedent to support the claims Stater Acres asserts in this Complaint.

5.  In June 2014, a hail storm hit the Amarillo area causing direct physical loss and damage to buildings insured under the Covered Property terms of the policy. Shortly after the storm, Plaintiff alerted the carrier of the loss. Plaintiff complied with the policy conditions and terms.

6.  Prior to September 2014, Lloyd's hired an independent adjusting firm, American Claims Services, Inc. ("ACSI") to evaluate the damage to the property. ACSI performed a

negligent, incompetent, and fraudulent evaluation of the property, ultimately determining that there was virtually no damage to the property. On September 26, 2014, ACSI sent a letter to Stater Acres stating that the little identified damage to the property was "cosmetic" in nature and, therefore excluded under the policy. Neither ACSI or Lloyd's identified any alternative loss date, requested a sworn proof of loss or information regarding alternative loss dates from Stater Acres, or otherwise complied with the timelines under Texas Insurance Code chapter 542 regarding acknowledgement, acceptance or denial, requests for information, and investigation of the claim.

7. After receiving the September letter from ACSI denying coverage, the insured hired Rickey Conradt Public Adjusters, Inc. ("Conradt"), who re-evaluated the damage and sent an appraisal demand letter dated August 21, 2014 (received on August 26, 2015) to Lloyd's designated agent, Myron Steves. The letter appointed Mickey Jones of Jones & Associates Appraisers ("Jones") as its appraiser and requested that the insurer appoint an appraiser and send a list of potential umpires. Lloyd's and its agents refused to respond in violation of the Texas Insurance Code and the required Texas Changes Endorsement, which was missing from the policy.

8. On October 6, 2015, Jones sent a follow up letter stating that the insurer had until October 14, 2015 to appoint an appraiser and send nominations for an umpire. Lloyd's finally responded, naming Brian Haden ("Haden") of Insurance Claims Specialists, LLC as its appraiser. Haden and Jones ultimately agreed to use Michael Fried ("Fried") of Aftermath Consulting Group, LLC. as the umpire.

9. Fried performed his obligations as the umpire, inspecting the property with Haden and Jones and reviewing the documentation provided by Lloyd's and Stater Acres. In July 2016, Fried issues his award. After further clarifications between Jones and Fried, Jones signed the

award on July 10, 2016, finalizing the award.[1] The award called for $823,273.71 in actual cash value repairs and replacement of the property with $94,439.88 in depreciation, for a replacement cost value of $917,713.59. The award also contained a narrative that stated that 5 of the 8 buildings damaged contained larger visible hail impacts that the remaining buildings. The award said nothing of separate hailstorms, concurrent causation, or any other coverage issue.

10. On August 17, 2016, counsel for Stater Acres sent a demand letter to Lloyd's and ACSI, attaching a copy of the award, advising Lloyd's of previous violations of the Texas Insurance Code, and demanding payment of the appraisal award within the time limits prescribed under the Texas Insurance Code.

11. ACSI and Lloyd's (through its attorney) sent mirrored response letters dated September 7, 2016, denying the claim. Both claim the damage to be "cosmetic" in nature, despite the approximately $830,000 difference in valuation between their position and the umpire award. Both also claim that the umpire's narrative creates an issue of concurrent causation, meaning that because multiple sizes of hail were observed, there must have been multiple hailstorms. Neither letter provides any substantive authority that there existed multiple hailstorms, that any of the hailstorms were outside the policy period, that the damage was caused by separate and distinct hailstorms, or any other authority on which to deny the claim. Further, the letter does not distinguish as to which damage Lloyd's believes to be extracontractual in nature, but instead, simply denies the claim as a whole. At no point in time prior to, or during, the appraisal process did Lloyd's assert that multiple hailstorms could have or did cause the damage observed. Lloyd's complete denial of the claim is not supported by the policy, the appraisal award, or Lloyd's established position from June 2014 to September 2016.

---

[1] Exhibit A, Umpire Award.

12. Lloyd's has consistently refused to make meaningful attempts to investigate and resolve Stater Acres' claim and has actively attempted to mischaracterize and wrongfully manipulate evidence to misrepresent the value of the claim, in violation of the Texas Insurance Code by:

   a. misrepresenting coverage issues underlying the policy, including the payment of general contractors fees;

   b. misrepresentation of damage items;

   c. attempting to settle the claim without performing a full and adequate investigation of the loss;

   d. refusing to acknowledge reports showing hail damage;

   e. misrepresenting the value and scope of hail damage losses at covered properties both verbally and in writing;

   f. colluding with ACSI to misstate the value and devalue the damages;

   g. unreasonably delaying settlement offers on location valuations despite the insurer's liability becoming reasonably clear;

   h. refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

   i. misrepresenting that an investigation had been completed when it had not been completed;

   j. making untrue statements of material fact about the scope and value of the damages;

   k. failing within a reasonable time to affirm or deny coverage of a claim;

   l. failing within a reasonable time to request inspections, proofs of loss, or any other items the insurer believed necessary to evaluate the claim;

 m. failing to adopt and implement reasonable standards for the prompt investigation of claims under the policy;

 n. compelling Stater Acres to institute a lawsuit to recover an amount due under the policy by offering substantially less than the amount ultimately recovered; and

 o. failing to timely pay claims.

13. Stater Acres has provided to Lloyd's all information necessary to pay the claim. All prerequisites for payment have been met.

14. Lloyd's continues to refuse to pay the amounts owed under the policy in breach of the insurance contract and its common law and statutory obligations.

## CAUSES OF ACTION

15. **Breach of Contract.** Plaintiff incorporates the allegations of paragraphs 4-12 the same as if fully set forth herein. Plaintiff and Defendant entered into an insurance contract. Plaintiff complied with all provisions of the insurance policy. Defendant breached a material provision of the contract by refusing to pay amounts owed under the insurance contract after a loss. Plaintiff was damaged by Defendant's breach.

16. **Violations of the Texas Insurance Code.** Plaintiff incorporates the allegations of paragraphs 4-12 the same as if fully set forth herein. Lloyd's failed to, with good faith, effectuate a prompt, fair, and equitable settlement of the Stater Acres' claims when liability was reasonably clear in violation of Texas Insurance Code Section 541.060(a). Specifically, Lloyd's:

 a. Misrepresented to Stater Acres material facts and policy provision related to coverage at issue, including but not limited to:

  1) Misrepresenting that damage was cosmetic when it was not;

  2) Misrepresenting that damage was excluded when it was not;

3) Misrepresenting that damage occurred outside the policy period when it did not;

4) Misrepresenting the insurer's obligation to investigate the claim;

5) Misrepresenting the insurer's obligation to pay the claim;

6) Misrepresenting the time frame in which the insurer was required to act under Texas Insurance Code chapter 542;

7) Misrepresenting the information and forms required to be provided by the insured and the timelines in which that information was to be requested by the insurer; and

8) Misrepresenting the insurer's obligation to pay for damage established by an umpire;

9) Misrepresenting the insurer's obligations under the policy with regard to appraisal; and,

10) Misrepresenting coverage under the policy during both the underwriting and claims processes.

b. Performing unfair methods of competition and unfair and deceptive acts or practices, including but not limited to:

1) Making untrue statements of material fact, including statements about the amount of damage and coverage for damage;

2) Failing to state material facts necessary to make other statement made not misleading, considering the circumstances under which the statements were made,

3) Making statements in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

    4) Making a material misstatement of law; and

    5) Failing to disclose a matter required by law to be disclosed.

c. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear, both before appraisal was initiated and after the appraisal award was issued;

d. Failing to promptly provide a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of the claim;

e. Failing within the deadlines required under Texas Insurance Code chapter 542 to affirm coverage of the claim; and

f. Refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

These Unfair Settlement Practices caused direct, extracontractual damages to Stater Acres in the form of lost business and code upgrade costs which would not have been incurred absent Lloyd's delays and misrepresentations. Stater Acres is entitled to treble damages, court costs, and its attorney's fees pursuant to Texas Insurance Code 541.152.

11) Further, Lloyd's committed unfair settlement practices in violation of Texas Insurance Code chapter 542 by:

a. failing to, within 15 days (or 30 days for a surplus lines insurer) request from Stater Acres all items, statements, and forms that the insurer reasonably believes would be required, including information regarding other potential dates of loss and a sworn proof of loss (542.055);

b. Failing to, accept or reject the claim within 15 business days within receipt of all requested information, statements, or forms timely requested (542.056);

  c. Failing to pay amounts due within 5 business days of receipt of the appraisal award (542.057);

  d. Failing to pay the claim in whole within 75 days (90 days for a surplus lines insurer) after notice of the claim (542.058);

Under Texas Insurance Code 542.060, Stater Acres is entitled to an 18% per annum penalty on the entirety of the appraisal award, starting at the earliest violation of chapter 542 and running until the date that the appraisal award is paid, as well as its attorney's fees and court costs.

12) **Negligence.** Plaintiff incorporates the allegations of paragraphs 4-12 the same as if fully set forth herein. Lloyd's owed a duty to the Diocese to perform a reasonable and thorough investigation. Lloyd's was negligent and grossly negligent in conducting its inspection and investigation. Initially, it did not consider locations that suffered damages, but Lloyd's nevertheless tried to settle the Diocese's claims. Further, Lloyd's and its agents failed to conduct proper testing to determine the scope and value of losses. These breaches of Lloyd's duty caused damage to the Diocese.

## ATTORNEYS' FEES

13) **Attorneys' Fees.** As a result of Defendant's failure to pay the amounts due and owing under the policy, Plaintiff retained the undersigned counsel. Plaintiff agreed to pay the undersigned counsel a reasonable fee. Plaintiff is entitled to recover attorney's fees under Texas Civil Practice & Remedies Code section 37.009 and Texas Insurance Code sections 541.152 and 542.060.

## JURY DEMAND

14) **Jury Demand.** Plaintiff requests a jury.

## **PRAYER**

15) Plaintiff prays that Defendants be cited to appear and answer herein and upon hearing that Plaintiff recover judgment against the Defendants for the following:

   a. actual damages;

   b. attorneys' fees for services rendered and that are allowed by law;

   c. post-judgment interest and costs;

   c. treble damages, and exemplary damages as allowed by law;

   d. 18% penalties and interest as allowed by law; and

   e. all other relief Plaintiff may show itself entitled to in law or in equity.

>Respectfully submitted,
>
>Kelly Utsinger
>State Bar No. 20416500
>kelly.utsinger@uwlaw.com
>Benjamin D. Doyle
>State Bar No. 24080865
>ben.doyle@uwlaw.com
>UNDERWOOD LAW FIRM, P.C.
>500 South Taylor, Suite 1200
>P.O. Box 9158
>Amarillo, TX 79105
>Telephone: (806) 376-5613
>Fax: (806) 349-9476
>
>/s/ Benjamin D. Doyle
>
>**ATTORNEYS FOR PLAINTIFF**
>**STATER ACRES RV STORAGE**

# APPRAISAL DECISION FORM

STATE OF TEXAS
City of Amarillo

| | | |
|---|---|---|
| Insured | : | Stater Acres RV Storage |
| Claim Number | : | PC1678138 |
| Policy Number | : | 490P70760 |
| Date of Loss | : | 06/06/14 |
| Property Address | : | 14301 I-27, Amarillo, TX. 79119 |

We the undersigned, pursuant to our appointment as appraisers and umpire in the above referenced appraisal, DO HEREBY CERTIFY, that we have conscientiously preformed the duties assigned to us and have appraised the value of all losses presented as follows:

| Coverage | Actual Cash Value | Replacement Cost Value |
|---|---|---|
| Undisputed/General-Disposal | $12,958.68 | $12,958.68 |
| Building #1 | $46,178.21 | $59,917.29 |
| Building #2 | $50,805.06 | $63,983.44 |
| Building #3 | $99,220.70 | $109,639.52 |
| Building #4 | $190,513.82 | $210,434.36 |
| Building #5 | $83,263.64 | $92,998.73 |
| Building #6 | $193,003.90 | $210434.36 |
| Building #7 | $65,732.00 | $72,007.08 |
| Building #8 | $81,597.70 | $85,340.13 |
| **Grand Totals: ACV/RCV** | **$823,273.71** | **$917,713.59** |

Stipulations*
This award is made without consideration of any deductibles or prior payments.
This award has been created without consideration of any causation or coverage.
This award does not include any lines for permitting or PWI items, this can be handled on a PWI basis after binding by 2 or more parties have been completed.

Such deductibles, prior payments or coverage determinations may be subtracted from the amounts shown on this award form. This award is made subject to all the terms, conditions and exclusions of the above listed policy, as umpire has no authority to determine such coverage's or exclusions.

**Exhibit A**

_[signature]_
Appraiser for Policyholder- Jones, Mickey

**Below date is inaccurate- MF**
**Received 08/10/16**

7-20-2016
_____
Date

_____
Appraiser for Carrier- Haden, Brian

_____
Date

_[signature]_
Umpire- Michael Fried

**08/10/16**
_____
Date